UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-21186-CIV-HUCK/O'SULLIVAN

MARIA T. ANDRADE,

    Plaintiff,

vs.

ERIN CAPITAL MANAGEMENT LLC,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS**

    Before the Court is the Defendant's motion to dismiss (D.E. #61). The Court has reviewed the motion and related briefing, the record, heard the argument of counsel, and is otherwise duly advised. For the reasons set forth below, the motion is granted in part and denied in part.

    This case has developed in an unusual fashion. On May 1, 2009, the Plaintiff filed this case alleging that in December 2003 the Defendant violated the Fair Debt Collection Practices Act by obtaining a default final judgment in a New York state court after making no genuine effort to serve the Plaintiff with the complaint and summons and, having obtained that default final judgment, attached bank funds belonging to the Plaintiff. Ironically, the Defendant failed to respond to this lawsuit and, as a consequence, the Court issued a default final judgment against the Defendant awarding the Plaintiff $11,579.73 in damages (including actual damages, pre-judgment interest, and statutory damages), requiring the Defendant to vacate the New York judgment against the Plaintiff, and awarding the Plaintiff $8,520 in costs and attorneys' fees. Once the Plaintiff began her collection efforts, the Defendant filed a motion to set aside the judgment arguing that it had failed to respond to the complaint due to "ministerial inadvertence." The Court referred the motion to Magistrate Judge John J. O'Sullivan, who recommended that the Court vacate the default final judgment because the Defendant's neglect was excusable under Rule 60(b)(1) of the Federal Rules of Civil Procedure and reject the Defendant's argument that the Court lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine. After receiving objections from both sides, the

Court held two hearings at which the parties agreed to vacate the default judgment in this case subject to certain conditions.  Specifically, the Defendant agreed to vacate the default in the New York case and have that matter heard together with this case, and the Plaintiff agreed to waive any statute of limitations defense that she might have if the Defendant pursued its debt collection claim in this Court.  The Court's intention, both expressly and implicitly, was to consider both disputes on the merits.

For that reason, the Court was surprised to receive a motion to dismiss from the Defendant, particularly because the motion was primarily based on a statute of limitations defense that the Defendant did not set forth as one of its meritorious defenses in its motion to vacate the default final judgment.  In its motion the Defendant argues that the Court should dismiss the Plaintiff's claim because (1) it is barred by the statute of limitations and (2) to the extent the claim is based on a violation of 15 U.S.C. § 1692g, the Plaintiff failed to request debt verification within thirty days of the "initial communication," as required by that statute.

The Court rejects the statute of limitations argument for several reasons.  First, the Court is persuaded by the rulings in *Perez v. Bureaus Inv. Group No. II LLC*, No. 1:09-CV-20784, 2009 WL 1973476 (S.D. Fla. July 8, 2009) and *Greenfield v. Kluever & Platt LLC*, No. 09-C-3576, 2010 WL 604830, *1-2 (N.D. Ill. Feb. 16, 2010) that the statute of limitations under the Act does not begin to run until the plaintiff knew or should have known of the defendant's violation of the Act.  As the *Greenfield* court noted, unless a statute says otherwise, federal courts will not imply a rule under which the statute of limitations runs even if the prospective plaintiff has no reason to know that he might have a claim against another party.  *Greenfield*, 2010 WL 604830 at *2.  From a practical and fairness-oriented standpoint, this is the better view because the contrary view--that the statute of limitations runs from the filing of the debt-collection lawsuit that is the predicate of the violation of the Act, regardless of the debtor's knowledge of that lawsuit--would encourage unscrupulous debt collectors to hide their lawsuit from debtors and thereby shield themselves from liability under the Act.  Second, even if the Court accepted the Defendant's argument regarding the statute of limitations, the Court would conclude that this is an instance in which equitable tolling of the statute of limitations is appropriate because the Plaintiff was unaware that her rights had been violated.  *See Booth v. Carnival Corp.*, 510 F. Supp. 2d 985, 988 (S.D. Fla. 2007) (setting forth three grounds

under which equitable tolling is available). Third, if the Court agreed that the statute of limitations expired with respect to the Plaintiff's claims and the Defendant continued to press its debt collection claims in this Court, the Plaintiff would nonetheless be entitled assert her claims as a compulsory counterclaim and obtain damages up to the point of recoupment. *See Reiter v. Cooper*, 507 U.S. 258, 263-64 (1993) (explaining that "[r]ecoupment claims are generally not barred by a statute of limitations so long as the main action is timely"); *see also Blasland, Bouck & Lee, Inc. v. City of N. Miami*, 283 F.3d 1286, 1300-01 (11th Cir. 2002) (while applying Florida law, explaining that "[e]ven assuming that the City did bring its counterclaim after the statute of limitations had run, under Florida law that counterclaim would not be time-barred if it was a compulsory counterclaim for recoupment of money damages"). And, fourth, when the Court vacated the default final judgment entered against the Defendant, it did so in the exercise of its discretion and with an expression of its preference to decide the parties' dispute on the merits. The Court, however, could have and would have conditioned the vacation of the default final judgment on the Defendant's waiver of its statute of limitations defense if the Court had been advised that this defense existed. *See, e.g., Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 n.3 (3d Cir. 1984) (a district court may condition the opening of a default on a parties' waiver of its statute of limitations).

The Defendant also seeks dismissal of the Plaintiff's § 1692g claim. The Plaintiff's complaint alleges that the Defendant violated § 1692g by failing to provide verification of the alleged debt. The Plaintiff's § 1692g claim fails for two reasons. First, a debt collector's verification obligation under § 1692g is triggered if the debtor requests verification after receiving an "initial communication" from the debt collector regarding the outstanding debt. In this case, the Plaintiff's case is largely premised on the Defendant's failure to notify the Plaintiff of the alleged debt, except after obtaining a default judgment in the New York debt collection action and attaching the Plaintiff's bank account. In other words, the Plaintiff's case is premised on the lack of an initial communication. After learning that the Defendant had attached her account, the Plaintiff retained legal counsel who sent a letter to the Defendant protesting the Defendant's debt collection strategy and seeking certain documents (specifically, copies of the Plaintiff's credit card agreement, the agreement in which the Defendant purchased the rights to the debt from Citibank, and Citibank's last billing statement). The Plaintiff cites this letter as her request for verification and claims that the

3

Defendant's failure to forward the requested information is a violation of § 1692g. This letter, however, is does not seek the information required by § 1692g(b). In the letter, the Plaintiff neither disputes the debt (she only protests the Defendant's debt collection efforts) nor requests the name and address of the original creditor. Accordingly, the Plaintiff is not entitled to relief under § 1692g.

Therefore, for the reasons stated above, it is ORDERED and ADJUDGED that the Defendant's motion is granted in part and denied in part. The parties are further ORDERED to complete mediation of this matter on or before **Thursday, May 27, 2010**.

DONE in Chambers, Miami, Florida, May 17, 2010.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
Counsel of record.